KM

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Edward B. Colbert,

        Plaintiff,

vs.

Maricopa County,

        Defendant.

No. CIV 05-1887-PHX-DGC (ECV)

**ORDER**

On June 23, 2005, Plaintiff Edward B. Colbert, presently confined in the Arizona State Prison Complex–Florence[1], filed a Civil Rights Complaint by a Prisoner ("Complaint") pursuant to 42 U.S.C. § 1983.  The Court dismissed Plaintiff's Complaint with leave to amend on August 5, 2005 (Doc. #3).  Plaintiff filed a First Amended Complaint ("Amended Complaint") on September 7, 2005 (Doc. #8).

**Statutory Screening of Prisoner Complaints**

       The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

---

[1]Plaintiff was confined in the Maricopa County Lower Buckeye Jail at the time he filed the Complaint.  The Court will issue a new order for payment of the filing fee to the Arizona Department of Corrections.

JDDL-K

1   1915A(a).  The Court must dismiss a complaint or portion thereof if the Plaintiff has raised

2   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

3   be granted, or that seek monetary relief from a defendant who is immune from such relief.

4   28 U.S.C. § 1915A(b)(1),(2).  The Court also must dismiss a complaint or portion thereof if

5   Plaintiff fails to exhaust any administrative remedy available to him.  42 U.S.C. § 1997e(a).

6   　　　If the Court determines that a pleading could be cured by the allegation of other facts,

7   a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the

8   action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court

9   is required to grant leave to amend "if a complaint can possibly be saved," but not if the

10  Complaint "lacks merit entirely." Id. at 1129.  A court therefore should grant leave to amend

11  if the pleading could be cured by the allegation of other facts, or if it appears at all possible

12  that the defect can be corrected.  Id. at 1130.

13  　　　The Court should not, however, advise the litigant how to cure the defects.  This type

14  of advice "would undermine the district judges' role as impartial decisionmakers."  Pliler v.

15  Ford, 124 S.Ct. 2441, 2446 (2004); see also Lopez, 203 F.3d at 1131, n. 13 (declining to

16  decide whether court was required to inform litigant of deficiencies).  Plaintiff's Amended

17  Complaint will be dismissed for failure to state a claim, with leave to amend, because the

18  Amended Complaint may possibly be saved by amendment.

19  **Amended Complaint**

20  　　　Plaintiff should note that all causes of action alleged in the original Complaint which

21  are not alleged in the Amended Complaint are waived and defendants named in the original

22  Complaint who are not named in the Amended Complaint are dismissed.  Hal Roach Studios

23  v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading

24  supersedes the original"); King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987).  Accordingly, the

25  Court will consider only those claims specifically asserted in Plaintiff's Amended Complaint

26  with respect to only those defendants named in the Amended Complaint.

27  　　　Plaintiff names Maricopa County as Defendant in the Amended Complaint.  Plaintiff

28  alleges three grounds for relief in support of the Amended Complaint: 1) Plaintiff received

**JDDL-K**                                           - 2 -

1   inadequate medical care in the Lower Buckeye Jail, in violation of the Eighth Amendment;

2   2) Plaintiff was exposed to asbestos in the Durango Jail, in violation of the Eighth

3   Amendment; and 3) Plaintiff's safety was threatened in the Estrella Jail by overcrowded and

4   unsanitary conditions, in violation of the Eighth Amendment. Plaintiff seeks money damages.

5   **Dismissal of Defendant Maricopa County**

6       Local government bodies, such as Arizona counties, are persons under § 1983 and

7   may be sued for constitutional injuries.  Liability may be imposed on the county if a plaintiff

8   establishes that his injuries were inflicted pursuant to an official county policy or custom.

9   Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989) (citations omitted).

10      In this case, Plaintiff has failed to allege in any of his claims that his injuries occurred

11  as a result of policies or customs of Maricopa County.  Accordingly, Defendant Maricopa

12  County must be dismissed.

13  **Failure to State Claim**

14      The defects in Plaintiff's Amended Complaint go beyond his failure to properly link

15  his injuries with a county policy or custom.  Plaintiff has also failed to state a claim for

16  medical deliberate indifference in Count I.  Plaintiff alleges that medical staff at the Lower

17  Buckeye Jail were aware that Plaintiff was diabetic, but failed to provide his insulin shots

18  until six to eight hours after his meals.

19      To state a § 1983 medical claim under the Eighth Amendment, Plaintiff must show

20  that Defendants acted with "deliberate indifference to his serious medical needs." Estelle v.

21  Gamble, 429 U.S. 97, 106 (1976).  Deliberate indifference may occur if "prison officials

22  deny, delay or intentionally interfere with medical treatment." Hutchinson v. United States,

23  838 F.2d 390, 394 (9th Cir. 1988).  A mere delay in medical care, without more, is

24  insufficient to state a claim against prison officials for deliberate indifference. Shapley v.

25  Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  Plaintiff must

26  show the delay in treatment was harmful. Id.

27      In this case, Plaintiff has alleged a delay in receiving in medical care, but has not

28  alleged that the delay in care was actually harmful. Further, Plaintiff has failed to identify a

**JDDL-K**                                    - 3 -

1   specific individual or individuals who caused the delay in distribution of Plaintiff's insulin.

2   To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury

3   as a result of specific conduct of a defendant, and show an affirmative link between the injury

4   and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). An

5   allegation against "medical staff" is not sufficient to support a § 1983 claim.

6   **Dismissal with Leave to Amend**

7       Although pro se pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519

8   (1972), conclusory and vague allegations will not support a cause of action.  Ivey v. Board

9   of Regents of the University of Alaska, 673 F.2d 266 (9th Cir. 1982); Rhodes v. Robinson,

10  612 F.2d 766, 772 (3d Cir. 1979).  Further, a liberal interpretation of a civil rights complaint

11  may not supply essential elements of the claim that were not initially pled.  Ivey, 673 F.2d

12  at 268.

13      As no defendants now remain, the Court will dismiss Plaintiff's Amended Complaint.

14  However, in keeping with "the rule favoring liberality in amendments to pleadings," the

15  Court will exercise its discretion and allow Plaintiff a final opportunity to properly state his

16  claims in a second amended complaint.  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.

17  1987).

18      If Plaintiff chooses to file a second amended complaint, he should also take notice that

19  all causes of action alleged in the original, or First Amended Complaints which are not

20  alleged in a second amended complaint are waived.  See Hal Roach Studios, 896 F.2d at

21  1546 ("an amended pleading supersedes the original").

22      Any second amended complaint filed by Plaintiff must be retyped or rewritten in its

23  entirety on the current, Court-approved form included with this Order and may not

24  incorporate any part of the original or Amended Complaint by reference. See Local Rule of

25  Civil Procedure ("LRCiv") 15.1(a)(2).  The second amended complaint must conform to the

26  requirements of Rule 8(a) and (e)(1) of the Federal Rules of Civil Procedure, and all

27  applicable Local Rules.

28      In any second amended complaint, Plaintiff must write short, plain statements telling

**JDDL-K**                                    - 4 -

the Court: (1) the constitutional right Plaintiff believes was violated; (2) name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  <u>Rizzo</u>, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegation against that Defendant will be dismissed for failure to state a claim. Conclusory allegations that a Defendant or group of Defendants have violated a constitutional right are not acceptable, and will be dismissed.

**Rule 41(b) Warning**

If Plaintiff fails to timely comply with every provision of this Order, this action will be dismissed without further notice.  <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the court), <u>cert. denied</u>, 506 U.S. 915 (1992).  Moreover, because the Complaint and Amended Complaint have been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal of this action will count as a "strike" under the "three strikes" provision of the Prison Litigation Reform Act. <u>See</u> 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED** as follows:

(1) Plaintiff's September 7, 2005 First Amended Complaint (Doc. #8) is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.  Plaintiff SHALL HAVE thirty (30) days from the filing date of this Order to file a second amended complaint. The second amended complaint must be retyped or rewritten in its entirety on the current, Court-approved form included with this Order, may not incorporate any part of the original or First Amended Complaint by reference, and must contain Plaintiff's original signature.  If Plaintiff fails to file the second amended complaint on a current, Court-approved form, the second amended complaint will

1   be stricken, and the action dismissed without further notice to Plaintiff. Any second

2   amended complaint submitted by Plaintiff should be clearly designated as a second amended

3   complaint on the face of the document;

4         (2) The Clerk of Court shall enter a judgment of dismissal of this action with prejudice

5   and without further notice to Plaintiff, if Plaintiff fails to file a second amended complaint

6   within thirty (30) days of the date this Order is filed. Upon entry of judgment, the Clerk shall

7   make an entry on the docket in this matter indicating that the dismissal of this action falls

8   within the purview of 28 U.S.C. § 1915(g);

9         (3) A clear, legible copy of every pleading or other document filed SHALL

10   ACCOMPANY each original pleading or other document filed with the Clerk for use by the

11   District Judge or Magistrate Judge to whom the case is assigned. See LRCiv 5.4. Failure to

12   submit a copy along with the original pleading or document will result in the pleading or

13   document being stricken without further notice to Plaintiff;

14         (4) At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY

15   ADVISE the Court and the United States Marshal of any change of address and its effective

16   date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice

17   shall contain only information pertaining to the change of address and its effective date. The

18   notice shall not include any motions for any other relief. Failure to file a NOTICE OF

19   CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute

20   pursuant to Federal Rule of Civil Procedure 41(b).

21         (5) The Clerk of the Court is DIRECTED to provide Plaintiff with a current, Court-

22   approved form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983.

23         DATED this 1st day of March, 2006.

24

25

26                              _____

27                                 David G. Campbell
                                    United States District Judge

28

**JDDL-K**                            - 6 -

**INFORMATION AND INSTRUCTIONS FOR A
PRISONER FILING CIVIL RIGHTS COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

## I.  General Information About the Civil Rights Complaint Form:

A.  The Form.  The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights.  Local Rule of Civil Procedure 3.4(a) requires that prisoner civil rights complaints be filed on the court-approved form.  Your complaint must be typewritten or legibly handwritten.  All information must be clearly and concisely written, **only in the space provided on the form.**  If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint.  You must identify which part of the complaint is being continued and number all pages.

B.  Your Signature.  You must sign the complaint.  Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose.  Please review Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C.  The Filing Fee.  You must pay the $250.00 filing fee.  If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D.  Court Divisions.  If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should  file your complaint in the Phoenix Division of the court.  If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court.  If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court. See LRCiv  5.1(a) and 77.1(a).

You should mail THE ORIGINAL AND ONE COPY of your complaint with the $250.00 filing fee or the application to proceed *in forma pauperis* to:

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 321 | | U.S. Courthouse, Suite 1500 |

401 West Washington Street, SPC 10      405 West Congress Street
Phoenix, Arizona  85003-2119      Tucson, Arizona  85701-5010

E.  <u>Certificate of Service on Defendants</u>.  You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this __ day of___(month)___, (year) , to:
Name:  _____
Address:_____
     Attorney for Defendant(s)/Respondent(s)


_____
(Signature)

F.  <u>Original and Judge's Copy</u>.  You must furnish an original and one copy of any document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G.  <u>Exhibits</u>.  You should not submit exhibits with the complaint.  Instead, the relevant information should be paraphrased in the complaint.  You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H.  <u>Change of Address</u>.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form. Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer.  After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint.  Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading.  Further, any allegations or defendants not included in the

2

amended complaint are considered dismissed.

J.  Letters and Motions.  It is generally inappropriate to write a letter to any of the District
Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to
communicate with these persons is by filing a written pleading or motion.

## II.  Completing the Civil Rights Complaint Form:

**HEADING:**

    1.  Your Name.  Print your name, prison or jail inmate number, and mailing address on
the lines provided.

    2.  Defendants.  Print the names of each of your defendants.  If you name more than
**four** defendants, you should print the name of one defendant and "see additional page
for defendants" in the space provided.  On the additional page you must list the names
of **all** of the defendants.  This additional page should be inserted after page 1 and
numbered as page "1-A" at the bottom of the page.  The initial complaint must contain
the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the
additional page if more than four defendants).  See Rule 10(a) of the Federal Rules of
Civil Procedure.

    3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED"
on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER." Failure to do so
will result in the loss of the right to a jury trial.  A jury trial is not available if you are
seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. §
1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics
Agents" for federal defendants; or "other."  If you mark "other," identify the source of
that authority.

    2.  Plaintiff.  Print all of the requested information on the spaces provided.  Identify the
institution and city where the alleged violation of your rights occurred.

    3.  Defendants.  Print all of the requested information about each of the defendants in
the spaces provided.  If you are naming more than four defendants, you must provide the
necessary information about each additional defendant on a separate page.  Label the
page(s) as "2-A," "2-B," etc., at  the bottom of the page and insert the additional
page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while
you were a prisoner.  Print all of the requested information about each lawsuit in the spaces
provided.  If you have filed more than three lawsuits, you must provide the necessary

information about each additional lawsuit on a separate page. Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights the defendant(s) violated. The form provides space to allege three separate counts (one violation per count). If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5. Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>. You must identify which civil right was violated. YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

2. <u>Issue Involved</u>. Check the box that most closely identifies the issue involved in your claim. YOU MAY CHECK ONLY ONE BOX  PER COUNT. If you check the box marked "Other," you must identify the specific issue involved in the space provided.

3. <u>Supporting Facts</u>. After you have identified which civil right was violated, you need to state the supporting facts. Be as specific as possible. You must state what each individual defendant did to violate your rights. If there is more than one defendant, you need to identify which defendant did what act. You also need to state the date(s) on which the act(s) occurred if possible.

4. <u>Injury</u>. State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>. Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint. 42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action. Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint. If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

**Part D.  REQUEST FOR RELIEF:**

Print the relief you are seeking in the space provided.

**SIGNATURE:**

You must sign your name and print the date you signed the complaint. Your signature must be an original signature, not a photocopy.

**FINAL NOTE**

You should follow these instructions carefully. Failure to do so may result in your complaint being stricken or dismissed by the court. All questions must be answered concisely

4

in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ , )
(Full Name of Plaintiff)            )
           Plaintiff,    )
                         )
          vs.                )
                         )
_____ , )
                         )
_____ , )
                         )
_____ , )
                         )
_____ , )
(Full Name of Each Defendant)       )
          Defendant(s).   )
_____   )

**CASE NO.** _____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT**
**BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     a.   ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
     b.   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
     c.   ☐ Other:  (Please specify.) _____.

2.   Name of Plaintiff: _____.
     Present mailing address: _____.
                 **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

     Institution/city where violation occurred: _____.

**550/555**

3. Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
(Position and Title)                                  (Institution)

The first Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the first Defendant was acting under color of law: _____
_____.

4. Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
(Position and Title)                                  (Institution)

The second Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the second Defendant was acting under color of law: _____
_____.

5. Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
(Position and Title)                                  (Institution)

The third Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the third Defendant was acting under color of law: _____
_____.

6. Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
(Position and Title)                                  (Institution)

The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the fourth Defendant was acting under color of law: _____
_____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?     ☐ Yes     ☐ No

2. If your answer is "yes," how many lawsuits have you filed? _____. Describe the previous lawsuits in the spaces provided below.

3. First prior lawsuit:
   a.  Parties to previous lawsuit:
       Plaintiff: _____.
       Defendants: _____
       _____.

2

b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____
    _____ .
c.  Case or docket number: _____ .
d.  Claims raised: _____
    _____
    _____
e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
    _____ .
f.  Approximate date lawsuit was filed: _____ .
g.  Approximate date of disposition: _____ .

4.  Second prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____ .
        Defendants: _____
        _____ .
    b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____
        _____ .
    c.  Case or docket number: _____ .
    d.  Claims raised: _____
        _____
        _____
    e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
        _____ .
    f.  Approximate date lawsuit was filed: _____ .
    g.  Approximate date of disposition: _____ .

5.  Third prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____ .
        Defendants: _____
        _____ .
    b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____
        _____ .
    c.  Case or docket number: _____ .
    d.  Claims raised: _____
        _____
        _____
    e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
        _____ .
    f.  Approximate date lawsuit was filed: _____ .
    g.  Approximate date of disposition: _____ .

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

3

## C.  CAUSE OF ACTION

### COUNT I

1.   The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.

2.   Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
     in a different count)        ☐ Mail              ☐ Access to the court       ☐ Medical care
                                   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion    ☐ Retaliation
                                   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each
     Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
     authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
          your institution?                                                      ☐ Yes    ☐ No
     b.   Did you submit a request for administrative relief on Count I?          ☐ Yes    ☐ No
     c.   Did you appeal your request for relief on Count I to the highest level? ☐ Yes    ☐ No
     d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
          why you did not.  _____
          _____.

4

## COUNT II

1.    The following constitutional or other federal civil right has been violated by the Defendant(s):  _____
_____
_____.

2.    Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
      in a different count)          ☐ Mail            ☐ Access to the court       ☐ Medical care
      ☐ Disciplinary proceedings     ☐ Property        ☐ Exercise of religion      ☐ Retaliation
      ☐ Excessive force by an officer  ☐ Threat to safety   ☐ Other: _____.

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.    **Administrative Remedies:**
      a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
            your institution?                                                    ☐ Yes      ☐ No
      b.    Did you submit a request for administrative relief on Count II?       ☐ Yes      ☐ No
      c.    Did you appeal your request for relief on Count II to the highest level?  ☐ Yes      ☐ No
      d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
            why you did not.  _____
            _____.

## COUNT III

1.   The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.

2.   Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
     in a different count)   ☐ Mail           ☐ Access to the court      ☐ Medical care
     ☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation
     ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
          your institution?                                                    ☐ Yes    ☐ No
     b.   Did you submit a request for administrative relief on Count III?       ☐ Yes    ☐ No
     c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes    ☐ No
     d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
          why you did not.   _____
          _____.

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
                    DATE                                   SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)
_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.